UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARTHA A. CUERVO,

    Plaintiff,                                       CASE NO.:

vs.

BONEFISH GRILL, LLC,
a Florida Limited Liability Company,
d/b/a BONEFISH GRILL,

    Defendant.
_____/

**COMPLAINT**

COMES NOW Plaintiff, MARTHA A. CUERVO (hereinafter "CUERVO"), by and through the undersigned Counsel, and sues the Defendant, BONEFISH GRILL, LLC, a Florida Limited Liability Company, d/b/a BONEFISH GRILL (hereinafter "BONEFISH GRILL"), and alleges the following:

**JURISDICTION AND VENUE**

1. This is a civil action with damages that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

2. This Court is vested with federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, for Plaintiff's claim arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 12201 et seq. This Court has supplemental jurisdiction over Plaintiff's related claim arising under state law pursuant to 28 U.S.C. § 1367.

3. Venue lies within the Southern District of Florida, West Palm Beach Division, pursuant to 28 U.S.C. § 1391(b), because all actions giving rise to this claim arose in this Judicial Circuit.

1

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to the maintenance of this action have been met.

5. On or about March 26, 2019, Plaintiff CUERVO timely dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"). A copy of said Charge is attached hereto as **Exhibit "A."**

6. More than 180 days have passed since CUERVO filed her Charge of Discrimination with the FCHR and the EEOC.

7. On January 22, 2020, the EEOC issued a Notice of Right to Sue, acknowledging that more than 180 days had passed since CUERVO's filing of her Charge. A copy of said Notice of Right to Sue is attached hereto as **Exhibit "B."**

8. This Complaint is being filed within ninety (90) days of receipt of the January 22, 2020 Notice of Right to Sue.

## PARTIES

9. Plaintiff CUERVO was born on October 26, 1950.

10. At all times herein mentioned, CUERVO was a sixty-eight (68) year old female who resided in Palm Beach County, Florida, during her application for employment with BONEFISH GRILL for a hostess position in Palm Beach County.

11. CUERVO is now sixty-nine (69) years old and continues to reside in Palm Beach County, Florida.

12. CUERVO was and is a member of a group protected under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Florida Civil Rights Act of 1992 ("FCRA"). Namely, she is over forty (40) years of age.

13. BONEFISH GRILL was and is duly authorized and licensed to do business in Palm Beach County, Florida.

14. At all times material, BONEFISH GRILL was and is engaged in the business of providing restaurant services to members of the community, with more than twenty (20) employees.

15. BONEFISH GRILL was and is an "employer" as defined by the ADEA.

16. BONEFISH GRILL was and is an "employer" as defined by the FCRA.

**GENERAL ALLEGATIONS**

17. In late September or early October 2018, CUERVO submitted an initial online application for employment with BONEFISH GRILL as a "Host" at BONEFISH GRILL Store #7025. She was sixty-eight (68) years old at that time.

18. The Initial Application required CUERVO to provide only the following biographical information: name, e-mail address, phone number, address, "Are you 18 years of age or older?", and "Are you of legal age to serve alcoholic beverages?". A blank copy of BONEFISH GRILL's Initial Application is attached hereto for reference as **Exhibit "C."**

19. Notably, this Initial Application did not require CUERVO to list either her date of birth or her actual age on the application.

20. On or about October 16, 2018, CUERVO attended an interview with BONEFISH GRILL.

21. CUERVO's interview was initially with Edward Mass, the Front-of-House Manager at BONEFISH GRILL (hereinafter "Mass").

22. Following a few questions by Mr. Mass regarding CUERVO's requirements for pay and her past work experience, Mr. Mass requested that CUERVO be interviewed by Joseph Rotell, the proprietor of the Lake Worth restaurant (hereinafter "Rotell").

23. Throughout the interview with Mr. Rotell, several questions were asked in direct inquiry of CUERVO's age:

   a) Mr. Rotell questioned why CUERVO would want to work in this position if she was a professional.

   b) Mr. Rotell asked why CUERVO required only $225.00 per week in pay. When CUERVO responded it was because she had other incomes, Mr. Rotell asked about her other incomes three separate times as he would not accept a non-specific answer. Mr. Rotell then directly asked CUERVO if her other form of income was Social Security.

   c) Mr. Rotell asked how long CUERVO had held her real-estate license. Upon receiving the answer "quite a few years," Mr. Rotell proceeded to ask for a specific amount of time three separate times as well.

   d) Upon being informed that CUERVO had a daughter in her twenties, Mr. Rotell asked several times for her daughter's exact age, not accepting the answer "in her twenties."

   e) Mr. Rotell's final question was: "I hire college age kids. How are you going to get along with the twenty-two-year olds I hire here?" CUERVO responded: "We can learn from each other."

24. Not satisfied with CUERVO's answers to his questions, Mr. Rotell flatly stated: "We're not hiring at this time." He then walked away, offering CUERVO no further explanation.

25. At the end of the week of October 16, 2018, CUERVO's daughter called BONEFISH GRILL and asked if they were hiring for any host/hostess positions. BONEFISH GRILL stated that they were actively seeking someone for the position of Host and Take-out Host as there were several employees leaving after the coming holidays and they wanted to be prepared for the restaurant's busy season.

26. On October 25, 2018, CUERVO checked BONEFISH GRILL's website for job openings. The position that CUERVO interviewed for was still listed as available.

27. CUERVO then contacted the headquarters of BONEFISH GRILL, speaking with a woman named Katelin in Human Resources. After CUERVO described her experiences at her job interview with Mr. Mass and Mr. Rotell, Katelin refused to address the situation. Instead, Katelin stated that Mr. Rotell had been with the company for fifteen (15) years and that he would not have done any of the things CUERVO described. Katelin then abruptly hung up the phone on CUERVO, with no further explanation.

28. Thereafter, in November 2018, the daughter of CUERVO's friend went to another location of BONEFISH GRILL, which was also in the hiring process of hosts or take-out hosts, and she asked whether BONEFISH GRILL would consider hiring her mother's friend for a host position. The manager then asked how old her mother's friend was and if she would be "too old to keep up" as the location hires younger staff members. After being told that CUERVO was in her sixties, the BONEFISH GRILL manager stated that she didn't want to take it further as the company wanted a "younger staff."

29. Upon information and belief, BONEFISH GRILL refused to hire CUERVO as a Host because of her older age.

30. Upon information and belief, BONEFISH GRILL hired a person who is substantially younger than CUERVO to fill the host position that was available at Store #7025.

31. It is clear that unlawful considerations of age tainted BONEFISH GRILL's hiring and employee selection process.

## COUNT I – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT, 29 U.S.C. §§ 621 ET SEQ.

32. Plaintiff CUERVO incorporates the allegations contained in Paragraphs 1 through 15 and Paragraphs 17 through 31 as if fully set forth herein.

33. Under the ADEA, "it shall be unlawful for an employer – (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; [AND] (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age." 29 U.S.C. § 623.

34. BONEFISH GRILL is an "employer" as defined by the ADEA.

35. CUERVO was sixty-eight (68) years old when she applied for the Host position with BONEFISH GRILL and when she was denied said employment.

36. CUERVO was a member of a protected class of older individuals under the ADEA.

37. CUERVO met all requirements or was otherwise qualified for the Host position with BONEFISH GRILL when she was denied said employment.

38. BONEFISH GRILL refused to advance CUERVO's application to the next hiring step and refused to hire her as a Host because she was older than the desired "younger staff," as detailed in the General Allegations above.

39. BONEFISH GRILL treated younger, similarly situated applicants more favorably.

40. Upon information and belief, BONEFISH GRILL hired a person who is substantially younger than CUERVO to fill the host position that was available at Store #7025.

41. CUERVO suffered damages as a result of BONEFISH GRILL's unlawful discriminatory actions, including past and future lost wages and benefits and the costs of bringing this action.

42. BONEFISH GRILL willfully violated CUERVO's rights under the ADEA and, as a result, is liable for liquidated damages.

43. CUERVO has been required to retain the legal services of the undersigned Counsel to enforce her rights under the ADEA and is required to pay her attorney a reasonable fee for services rendered in this cause.

### COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

44. Plaintiff CUERVO incorporates the allegations contained in Paragraphs 1 through 14 and Paragraphs 16 through 31 as if fully set forth herein.

45. The FCRA, Fla. Stat. Chapter 760.10(1)(a), reads in applicable part, as follows: "It is an unlawful employment practice for an employer: (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, **age**, handicap, or marital status." (Emphasis added.)

46. BONEFISH GRILL is an "employer" as defined by § 760.09(7) of the Florida Statutes.

47. CUERVO was sixty-eight (68) years old at the time that she submitted her initial online application and attended her interview for employment, and as such, she was guaranteed specific civil rights under the Florida Civil Rights Act of 1992, Fla. Stat. 760.10 et. seq.

7

48. CUERVO met all requirements or was otherwise qualified for the Host position with BONEFISH GRILL when she was denied said employment.

49. BONEFISH GRILL refused to advance CUERVO's application to the next hiring step and refused to hire her as a Host because she was older than the desired "younger staff," as detailed in the General Allegations above.

50. BONEFISH GRILL treated younger, similarly situated applicants more favorably.

51. Upon information and belief, BONEFISH GRILL hired a person who is substantially younger than CUERVO to fill the host position that was available at Store #7025.

52. CUERVO's daughter's phone call with BONEFISH GRILL and the inquiries of the daughter of CUERVO's friend at BONEFISH GRILL are evidence that other similarly situated applicants who were not sixty-eight (68) years old but were instead much younger and in their twenties (20's) were treated more favorably than CUERVO by BONEFISH GRILL.

53. BONEFISH GRILL subjected CUERVO to an unlawful employment practice because of her age.

54. BONEFISH GRILL's unlawful employment practice, complained of above, deprived CUERVO of her statutory rights under the FCRA.

55. BONEFISH GRILL's actions are violations of the FCRA because BONEFISH GRILL discriminated against CUERVO in the loss of compensation, terms and conditions and/or privileges of CUERVO's employment and thereby damaged her.

56. As a direct and proximate result of BONEFISH GRILL's conduct, CUERVO has suffered irreparable harm through her loss of gainful employment and through the loss of valuable employment benefits, including group health insurance, life insurance, and disability insurance, all of which she would have received had she not been unlawfully rejected from employment.

57. What is more, the unlawful employment practices complained of above committed by BONEFISH GRILL were willful, wanton, intentional and with malice or with reckless indifference to CUERVO's statutorily protected rights, such that CUERVO is entitled to punitive damages.

58. CUERVO has been required to retain the legal services of the undersigned Counsel to enforce her rights under the FCRA and is required to pay her attorney a reasonable fee for services rendered in this cause.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARTHA A. CUERVO, demands judgment against Defendant, BONEFISH GRILL, LLC, a Florida Limited Liability Company, d/b/a BONEFISH GRILL, and requests the following relief:

a) The entering of judgment in favor of CUERVO for BONEFISH GRILL's violations of the ADEA and the FCRA;

b) An award to CUERVO for actual damages suffered;

c) An award to CUERVO for back pay and value of lost employment benefits;

d) An award to CUERVO for front pay for the years she would have worked absent BONEFISH GRILL's discriminatory treatment;

e) An award to CUERVO for liquidated damages;

f) The entering of judgment in favor of CUERVO for compensatory damages for the embarrassment, anxiety, humiliation, and emotional distress CUERVO has suffered and continues to suffer;

g) An award to CUERVO for punitive damages;

h) An award to CUERVO for all costs and reasonable attorney's fees incurred in connection with this action;

i) An award to CUERVO for prejudgment interest on all monetary recovery obtained;

j) An injunction permanently enjoining BONEFISH GRILL, its officers, agents, employees, assigns and all persons in active concert or participation with them from engaging in any employment practice which discriminates on the basis of age; and

k) Any and all other relief, legal and equitable, that this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MARTHA A. CUERVO, demands a trial by jury on all issues so triable.

Dated March 19, 2020.

        **Sconzo Law Office, P.A.**
        3825 PGA Boulevard, Suite 207
        Palm Beach Gardens, FL 33410
        Telephone: (561) 729-0940
        Facsimile: (561) 491-9459

        By: **/s/ Gregory S. Sconzo**
        GREGORY S. SCONZO, ESQUIRE
        Florida Bar No.: 0105553
        ANDREA C. SCONZO. ESQUIRE
        Florida Bar No.: 0105578
        **Primary Email:** sconzolaw@gmail.com
        **Email**: greg@sconzolawoffice.com
        **Email**: andrea@sconzolawoffice.com